Joshua Crockett
3900 N Stockton Hill Rd Suite B 101
Kingman, AZ 86409
(407) 485-4161

✓ FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 0 8 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

# IN UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Joshua Crockett,

          Plaintiff,

v.

Orange County Board of County Commissioners,

          Defendant(s).

CASE NUMBER:    **CV24-08007-PCT-DJH**

**COMPLAINT**

## Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331. This employment

discrimination lawsuit is based on:

1.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 'a7'a7 2000e, et. seq., for
    employment discrimination on the basis of race, color, religion, sex, national origin and
    retaliation.
2.  Americans for Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, for employment
    discrimination on the basis of perceived disability.

    The plaintiff is a resident of Kingman, Mohave County, Arizona and a citizen of the United
States. The defendant, Orange County Board of County Commissioners, is located in Orlando,
Florida and is a political subdivision of the State of Florida within the United States. The cause
of action arose in the Prescott division.

## Employment Discrimination Complaint

The conduct complained of in this lawsuit involved the following:

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _____LRCivP 5.4_____
              (Rule Number/Section)

Failure to hire; Termination of employment; Failure to promote; Failure to accommodate; Retaliation; Terms and conditions of employment differ from those of similar employees;

Harassment; Race, National Origin, Sex, Color, Religion, Perceived Disability, Retaliation.

The conduct above is referred to in the charge of discrimination. I am absolutely certain I was discriminated against because of my Race; Religion; National Origin; Color; Sex and Disability.

The reason(s) above is referred to in the charge of discrimination. The discriminatory conduct occurred at: 9800 International Drive, Orlando, FL 32821 on 7/21/19 to 6/19/23. To whom it may concern, I started my employment with the Respondent, Orange County Government on 1/5/16 as a Relief Console Operator and was subsequently promoted to full-time Security Representative on 9/26/16 and my employment abruptly ended due to an unlawful termination on 6/19/23. In this case, the first adverse employment action on the job I experienced as a Security Representative occurred on 7/21/19 when I was removed from my role of managing the fire extinguishers and AED units at the Orange County Convention Center (OCCC) because I emailed my Assistant Security Supervisor (ASS) Charles Young (black) about the 7 percent out of class pay that is stipulated per the Local Liuna 517 contract since I was a union employee working out of class. Unfortunately, I was quickly stripped of those responsibilities and that marked the beginning of the decline of my reputation on the job which led to the inevitable unlawful termination of my employment with the Respondent, Orange County Board of County Commissioners that culminated as a result on 6/19/23. In light of the foregoing, I was subjected to unwarranted hostility in-person by (ASS) Charles Young (black) on 11/21/19 as documented in an email dated 12/4/19 when I filed my harassment and discrimination complaint to the Office of Professional Standards via email (OPS).

Tragically, the details of that complaint were never investigated by Orange County Government; in fact, it was swept under the rug and it became an ugly cover-up as documented on 1/14/20 which was in direct violation of Title VII of the Civil Rights Act of 64'. Nevertheless, the pandemic was declared on 3/11/20 which resulted in my harassment and discrimination complaint being postponed again all the way out until 12/16/20 since the (OPS) Investigator Maria Ventura kicked back the complaint to the OCCC Management team giving the illusion that there would still be some sort of accountability, some sort of remedy – which was non-existent. As such, I believed the OCCC Management team would rectify the harassment and discrimination issues, but that never happened. In conclusion, I continued to suffer additional harassment, discrimination and retaliation on the job which subsequently resulted in the EEOC charge I filed on 11/5/20 which referenced the discriminatory and retaliatory outcome that there were no Title VII violations that occurred according to (OPS) Investigator Maria Ventura on 1/14/20 via email and another discriminatory and retaliatory encounter that happened on 11/4/20, the day before I filed my charge. As a result, the EEOC Investigator Susan Diaz at the time, buttered me up to the idea that any lawyer would jump on my case once I received an (RTS) Right-to-Sue letter on 7/30/21 and that no investigation was needed.

As such, I fell for this ridiculous suggestion and learned the hard way that she lied to me and although I made multiple attempts to seek legal representation, no lawyer wanted to represent me in a case with no investigative results; therefore, the 90 day window elapsed and I missed out on pursuing justice for the lawless acts I endured without legal representation.

Nevertheless, there are so many examples of harassment, discrimination and retaliation; I'll simply provide a brief synopsis to guide you on the key aspects of this case.

1) Similarly situated employees were treated more favorably than me on the job outside of my protected classes and were not subject to any adverse employment actions for the same or similar conduct and/or misconduct.

2) I was subjected to a hostile work environment which can be proved by analyzing all the facets of my case in toto which resulted in the unlawful termination on 6/19/23.

3) I was subjected to direct discrimination in the context of all protected characteristics in my case; color, race, national origin, sex, religion, perceived disability and retaliation which ultimately culminated in unlawful termination.

4) Failure to hire/promote due to my protected characteristics in relation to Title VII.

5) I suffered a retaliatory adverse employment action for engaging in protected activity, shortly after filing an EEOC charge on 6/6/23.

6) I continue to suffer to this day mentally, emotionally, financially and physically due to the violations of Title VII of the Civil Rights Act of 1964 and the Americans for Disabilities Act of 1990 as amended, as I remain unemployable and have drained my Florida Retirement System (FRS) account to pay for my daily expenses given the irreparable harm illegally inflicted upon me by the representative(s) of Orange County Government.

I know I faced discrimination, harassment and retaliation in the workplace due to my perceived medical disability, religion, race, color, sex and national origin. As I've conclusively proven in a separate case altogether which will soon be finalized as I write about this disturbing case in detail, it is important to understand the testimony of all parties and the preponderance of the evidence presented in that particular case which will have a direct impact on this case I am filing today in federal court. For context, I suggest analyzing the intricate components of Florida's Division of Administrative Hearings (DOAH) Case #22-3987 which will shed light on the lawlessness, the likes of which I've never seen, up until I became the central figure fighting for my civil rights within the swamp located in the heart of Central Florida.

For the record, Orange County officials knew I submitted a religious accommodation request to COVID-19 vaccination and testing on August 26, 2021; however, they pursued the opportunity to cripple me mentally, psychologically and spiritually with no regard for the rule of law which has long been established; instead, these malefactors followed an unlawful decree at the expense of my civil rights being trampled on under the guise of a public health emergency. The individuals who knew about it in advance and could've rectified the problems are Isiah White Jr. (black), Monica Woods (black) and Reggie Davis (black). The individuals who were involved in the disciplinary process were Charles Young (black) and Sandra Dailey (black); however, Mr. Young (black), Sylvester Earl Biggett (black) and Isiah White Jr. (black) made comments about my Chippewa heritage/racial identity pertaining to the manner in which I manage my hair. I've applied for 36 positions within the County since September 27, 2019 and have only netted 2 interviews which only came to fruition due to the many emails I've written about unfair applicant processing practices within the Human Resources department. Quite frankly, there are other employees at the Convention Center who weren't even qualified and/or less qualified and/or connected via Masonic affiliation for the positions which they applied and were promoted; while I was never truly in consideration for such roles due to the stigma that is attached to my name and/or if interviewed due to the emails I wrote exposing the corruption from within the Human Resources hierarchy. In essence, that's a total of 34 adverse employment actions from September 27, 2019 to April 26, 2023, since I wasn't interviewed for any of those positions. Despite this fact, I was only interviewed for 2 positions out of the 36 positions in toto which is a approximate interview rate of 5.6% which is a shocking statistic, after exposing unlawful hiring practices within Orange County Government; therefore, it is 36 adverse employment actions since I was only being interviewed to cover-up the discriminatory pretext that was uncovered.

Furthermore, the employees that were promoted didn't experience the discrimination, harassment and retaliation that I've had to endure as I continued to withstand the unprecedented onslaught and persevere with the struggle of managing a tainted reputation on the job, which subsequently resulted in a hostile work environment that culminated in the unlawful termination of my employment. In addition, I am a victim of the discriminatory practices, harassment and retaliation in reference to the Title VII protected characteristics mentioned previously which was caused by the Orange County officials named herein. Yet, with my vast experience in the Security Industry spanning a decade, I can't even qualify for a simple (Senior Security Representative) position which I've successfully performed in the past. To make matters worse, I was provided a digital letter by Isiah White Jr. (black) who suggested I should apply for viable positions as they come available. In 2019, when I accepted the role of field training officer, my employer agreed to pay me the standard 7% out of class pay for working in that capacity and I never did receive it. Furthermore, the Office of Professional Standards successfully covered up that scandal, including the video evidence of my immediate supervisor, Mr. Young (black) aggressively jumping up in my face and inflicting saliva all over me on camera 4065 on November 21, 2019.

Nevertheless, the investigative case file of this harassment and discrimination complaint is in my possession to this day, which was turned over to an (OPS) official in December of 2019 via email; however, a paper trail of explosive allegations, lawlessness and public corruption was dismissed by the (OPS) Sr. Investigator Maria Ventura who turned over the case file to the Convention Center in January of 2020 by suggesting the harassment and discrimination complaint was purely managerial in nature which was an unprecedented lawless development that I was still grappling with mentally, emotionally and spiritually at the time. Unfortunately, the pandemic was underway and the OCCC ("Executive Team") dragged their feet out on arranging for a meeting over my harassment and discrimination complaint and used the pandemic as a strategic roadblock to delay my Title VII complaint by at least a year, which wasn't addressed again until December 2, 2020 and then rescheduled for December 16, 2020. Sadly, when it came time to discuss the facts, management allegedly didn't even have the case file on hand to address it, so we had to reschedule it and then it was conveniently off the record. To clarify, the latest discriminatory practices that occurred in writing happened on June 19, 2023, which was a subsequent escalation by Isiah White Jr. (black) who unlawfully terminated me on Juneteenth of all days, to emphasize the racial discrimination. In fact, when I requested for Union Representation, Mr. White (black) refused to provide that and I advised him in front of his false witnesses that this was a violation of my Weingarten Rights, but he callously dismissed my words. In doing so, my words which were written years prior to this unlawful escalation were true: there was a sinister plot to oust me within the County. In fact, I exposed the spirit of iniquity at the height of the COVID-19 crisis, writing those infamous words in a county email, which stands to this day, as a prophetic warning that sadly came to fruition.

Interestingly enough, one of the most appalling charges that was levied against me was an allegation that I wasn't certified to use county equipment, but you see - even Charles Young (black) and Isiah White Jr. (black) refused to admit that to be true due to their own ego and sense of invincibility acting as agents of a local government entity that operates above the rule of law. The fact of the matter is, I completed my golf cart training on 1/19/20, but Charles Young (black) refused to acknowledge that. Even in the County's own legal documents, Mr. Young (black) admits I said something to him about this matter of being certified to use county equipment which lines up perfectly with the very testimony I provided on the subject in Court in a separate ongoing case previously mentioned that is focused on a 365 day window exclusively. Therefore, this was a blatant advance to further slander my reputation to ensure my continued ensnarement handicapping me from any advancement opportunities within the County. It should be noted, I am convinced that the coverup scandal involving Charles Young (black) and the subsequent escalations against me during the various COVID-19 decrees are connected given the events that transpired during that time. Furthermore, the most recent COVID-19 decrees implemented by Orange County Mayor Jerry Demings (black) caused the fruits of wickedness to manifest openly; as the spirit of iniquity was at work within the hearts and minds of the county officials named herein. As such, they refused to initiate any sort of religious accommodation process in reference to Title VII of the Civil Rights Act of 1964.

In fact, the Orange County Board of County Commissioners didn't even bother to process my religious request within a timely manner according to their own standards; thus, illegally violating the federal law mentioned and subsequently violating Florida Statue 112.0441 on November 24th, 2021 that was in effect at that point. In addition, I attempted to pursue a resolution 41 days after my initial religious accommodation was submitted when the County failed to honor their own timeline to process such requests, but you see – they operate with immunity and acts of lawlessness were acceptable, as I became the guinea pig of experimentation to see how far they could go in abusing their authority in reference to my sacred civil rights as an individual that is codified in Title VII of the Civil Rights Act of 64'. With that being said, I've observed and documented a preponderance of toxic workplace patterns which have emerged and continued to fester at the Orange County Convention Center during my employment which wholly demonstrate that discrimination, harassment and retaliation was prevalent against me. I think the evidence speaks for itself, even the false witnesses prove my case, the County has no legitimate defense, even their legal counsel knows it. In conclusion, my my reputation and image on the job wouldn't be adversely affected, but for Charles Young's (black) discriminatory conduct and Orange County Government's continued endorsement of his illegitimate actions, including the illegal actions of all the other Orange County officials named herein. In light of the foregoing, I wouldn't be suffering in a hostile work environment and unable to get promoted, but for the intentional tort and defamation of character plus all the adverse employment actions taken against me caused by Orange County officials named herein which resulted in the intentional infliction of emotional distress among other factors.

As an aside, John Petrelli (black) is one of the officials responsible for illegally withholding critical evidence by knowingly providing and/or justifying a fraudulent quote to acquire important data via a public records request that would've conclusively confirmed disability discrimination. Therefore, the Orange County Board of County Commissioners is responsible for the compensatory and punitive damages, including backpay and front pay for the blatant criminal activities conducted against me which is utterly unprecedented. As a reminder, some of the prime highlights of lawlessness executed against me resulted in direct discrimination of my sex, race and national origin in the context of me being a male (sex) and having long hair below the collar and shoulders which is a celebration of my national origin (Chippewa heritage) and racial identity (European ancestry), which came into play since COVID-19 was the catalyst to unlawfully terminate me.

To reinforce this legal theory, the catalyst is clearly established, which was the utilization of the COVID-19 crisis which was the mechanism used to target me over my perceived disability in terms of the mask exemption issued by a medical professional and my sincerely held religious objections to the COVID-19 decree issued by Orange County Mayor Demings which conflicted with my religion which is protected under Title VII of the Civil Rights Act of 64'. Unfortunately, the fact is I experienced retaliation for the protected activities, numerous adverse employment actions from July 21, 2019 until June 19, 2023 and all sorts of consistent casual connections between all these various unlawful events during my tenure with the Respondent.

Furthermore, Orange County Security Manager Isiah White Jr. (black) accused me of being a threat to personal and public safety, citing his nearly three decades of experience as a law enforcement captain for the Orlando Police Department (OPD) and his secret security clearance which is an unprecedented degree of lawlessness the likes of which I've never seen before until I was unlawfully terminated by the despot himself and his cohorts in the regime; however Mr. White (black) wrote the kind of fearmongering propaganda you typically find in the science fiction section of your local library in his signed affidavit knowing that it isn't true, despite writing that as an employee of Orange County, which has played a major role in me relocating out of the State of Florida for my safety. In fact, an image was published without my written or verbal consent to use, that depicts me in a plague doctor mask that was used illegally and completely out of context to frame me as a domestic terrorist in order to justify the violations of my civil rights. Unfortunately, I can't begin to keep up with all of the lawless acts taken against me or reference every single act in this charge, but I can assure you - the evidence is explosive, shocking and outright criminal.  In conclusion, not only was Title VII of the Civil Rights Act of 1964 violated, but the Americans for Disabilities Act of 1990 as amended.

## Demand

Ultimately, I am requesting for the following:

1) $4,500,000 for punitive, compensatory, including front pay damages for the stigma attached to the image of the unlawful release of a photograph that depicts me in a plague doctor mask with the intent to frame me as a domestic terrorist which was used to justify the unlawful actions taken against me in the context of Title VII of the Civil Rights Act of 1964 and the Americans for Disabilities Act of 1990 as amended.

2) $2,000,000 in punitive, compensatory, and front pay damages for the signed affidavit of a county manager acting on behalf of Orange County Board of County Commissioners falsely painting me as a threat to personal and public safety in his official capacity as an officer of that entity which is absolutely unprecedented and outright criminal knowing that his own words have grave ramifications for my life moving forward. As such, the baseless fishing expedition executed by Orange County Government has been exposed; therefore, they should be on the hook to pay for the irreparable harm caused to me in this case.

3) All the other incidents of harassment, discrimination and retaliation are equivalent to: $2,800,000 in punitive, compensatory, front and Backpay damages before April 27th 2021 and after April 27th 2022.

4) In toto, I am requesting for $9,300,000 in punitive and compensatory damages, with front and Backpay damages included paid in full with all taxes covered by Orange County Board of County Commissioners. In addition, I am requesting for a 30 year retirement to be front loaded at the rate $28.87 hourly which is equivalent to $2,309.60 biweekly x 26 pay periods at $60,049.60 annually at 30 years which is equivalent to $1,801,488 which is an immediate retirement of $24,019.84 annually at 40% of the full pay which is$923.84 biweekly which equals $11.54 hourly for life as it has been forever changed.. ("continued")

("continued") **I am also seeking the following amount in monetary compensation: $9,300,000 with the TAX LIABILITY absorbed by the Respondent, including a $24,019.84 annual retirement payout for life.**

### Administrative Procedure

I have filed a charge of discrimination against the defendant(s) with the Equal Employment Opportunity Commission or other federal agency on 06/06/2023. I have received a Notice of Right to Sue Letter.

Date: _January 8th 2024_         _Joshua Crockett_

Joshua Crockett
3900 N Stockton Hill Rd Suite B 101
Kingman, AZ 86409
(407) 485-4161

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/19/2023

**To:** Mr. Joshua Crockett
10135 CROWN CT
ORLANDO, FL 32821
Charge No: 510-2023-07134

EEOC Representative and email:    LAVERNE FORESHAW
Investigator
laverne.foreshaw@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2023-07134.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
10/19/2023

Evangeline Hawthorne
Director

**Cc:**
Patricia Chapman
Dean Ringers Morgan & Lawton, P.A.
PO BOX 2928
Orlando, FL 32802

Maria C Ventura
Orange County Florida/Office of Professional Standards
450 E SOUTH ST STE 360
Orlando, FL 32801

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request

identifying your request as a "FOIA Request" for Charge Number 510-2023-07134 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500

Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2023-07134 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.